# The J. J. Driscoll.[1]

(*District Court, E. D. New York.* March 22, 1886.

1. TOWAGE—SPEED—STEAMER'S SWELL—DAMAGE TO CARGO—LIABILITY.

Where the tug D. started to tow a lighter from Brooklyn to Hoboken, and took her too rapidly through the swells of a large steamer, which caused the lighter to fill with water, and subsequently to careen, and lose part of her cargo, *held*, that the tug was answerable for the loss.

2. SAME—OFFER TO PUT LIGHTER IN SAFETY—DUTY OF TUG—NEGLIGENCE—CHOICE OF COURSES—ERROR OF JUDGMENT.

Testimony was offered to show that after the danger to the lighter became apparent the tug proposed to take her to a place of safety on the New York shore, but the master of the lighter objected. *Held*, that the tug would not be relieved from her duty to put the lighter in a place of safety by an objection from the lighter's master; and if the duty of deciding upon the proper course was upon the master of the lighter, an error of judgment on his part would not relieve the tug, since it was her negligence that brought upon the captain of the lighter the necessity of making such decision.

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

In Admiralty.

*Goodrich, Deady & Platt,* for libelant, Silas T. Havens.

*Benedict, Taft & Benedict,* for claimant.

BENEDICT, J.    Upon all the testimony I am of the opinion that the cause of the lighter's taking in water as she did was not a leak in the lighter, nor an overload, but the speed at which she was towed through the swells of steam-boats' waves in the North river.    I am also of the opinion that it was negligence in the tug to tow the lighter through these swells at a rate of speed sufficient to cause her to take water as she did.    The result of this negligence was that the water thrown into the lighter rendered her unseaworthy, and put her in danger of sinking, and the subsequent capsizing of the lighter, and loss of much of her cargo, was the immediate consequence of this negligence. The liability of the tug follows.

There is in the case testimony from the tug that, after the danger to the lighter became apparent, the tug proposed to take her into the nearest dock on the New York shore, and there is testimony warranting the conclusion that· if that course had been pursued the loss in question would have been avoided.    On the other hand, there is testimony from the master of the lighter that he proposed to the tug to take the lighter to the New York docks, and that the proposition was not acceded to by the master of the tug.    But the testimony of the tug-men on this point, if taken as true, does not assist the tug.    If it be assumed that the plight to which the lighter was reduced by the negligence of the tug cast upon the tug a duty to put the lighter in a place of safety, the tug would not be relieved from that duty by an objection from the master of the lighter.    If, on the other hand, the duty of deciding upon the proper course to be pursued to secure the safety of the lighter after she had taken the water was upon the master of the lighter, an error of judgment committed by him in arriving at the decision to attempt to make the Jersey shore—excusable as it was under the circumstances—would not relieve the tug, for it was the tug's negligence that brought upon the captain of the lighter the necessity of deciding whether to go to New York or New Jersey.    An error of judgment committed by the master of the lighter under such circumstances can have no effect to relieve the tug from liability for a loss which was an immediate consequence of the act of negligence found to have been committed by her.